**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ULYSSES ANTWAN HARRIS, | : | CRIMINAL NO. |
| Movant, | : | 1:06-CR-100-JEC-GGB-1 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2994-JEC-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Ulysses Antwan Harris, has filed a motion to vacate sentence under

28 U.S.C. § 2255 [Doc. 68].  Movant seeks to challenge the constitutionality of his

180-month sentence which was imposed on July 23, 2007, following a guilty plea in

the district court.  [Doc. 51].  Presently before the Court for consideration are:

(1) Movant's § 2255 motion to vacate [Doc. 68];(2) the United States of America's

(hereinafter "Government") response to the motion to vacate [Doc. 70]; and

(3) Movant's reply to the Government's response [Doc. 73].[1]

---

[1]Movant's motion for leave to file a traverse to the Government's response
[Doc. 72] is **GRANTED** nunc pro tunc, and his reply shall be deemed properly filed.

I. Background

On March 1, 2006, a grand jury in the Northern District of Georgia returned a one-count indictment charging Movant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  [Doc. 2].  On August 11, 2006, Movant made his initial appearance and entered a not guilty plea to the indictment. [Doc. 8].

On November 14, 2006, a hearing was conducted by the magistrate judge on Movant's motions to suppress evidence and statements.  [Doc. 19].  On February 26, 2007, the magistrate judge issued a report and recommendation that Movant's motions be denied.  [Docs. 23, 24, 27].  Movant submitted objections to the report and recommendation, and, on April 19, 2007, the district court adopted the report and recommendation and denied Movant's motions to suppress.  [Docs. 28, 43].

On April 23, 2007, Movant entered a negotiated conditional guilty plea to the indictment.  [Doc. 45].  In the plea agreement, Movant reserved his right to appeal the denial of his motions to suppress evidence and statements.  [Id.].

On July 19, 2007, the district court sentenced Movant to serve 163 months in prison, which was calculated based on the 180-month mandatory minimum sentence reduced by 17 months and six days of credit for time already served.  [Docs. 50, 51].

The sentence also included a $100 special assessment and three years of supervised release.  [Id.].

Movant appealed to the United States Court of Appeals for the Eleventh Circuit, raising the claim that he had reserved the right to appeal in his plea agreement:  whether this Court erred in denying his motions to suppress evidence and statements.  [Docs. 52, 65].  On June 9, 2008, the Eleventh Circuit affirmed Movant's conviction and sentence and affirmed the district court's denial of Movant's motions to suppress.  [Doc. 65].

On October 26, 2009, Movant filed the instant § 2255 motion to vacate, raising the following grounds for relief:

1.  counsel[2] was ineffective at the guilty plea and sentencing hearings based on the following:

    a.  counsel failed to fully and adequately explain what a § 2255 motion was and failed to apprise Movant as to the consequences of waiving his "§ 2255 action rights;"

    b.  counsel failed to properly and timely pursue plea negotiations and explain Movant's sentence exposure;

---

[2]Movant was represented by attorney Richard B. Holcomb of the Federal Defender Program, Inc. at his guilty plea, sentencing, and on appeal.

3

    c.    counsel failed to investigate Movant's prior criminal history and explain the application of the Armed Career Criminal Act ("ACCA");

    d.    counsel failed to advise Movant as to the available defenses and failed to investigate Movant's case;

    e.    counsel failed to properly object to Movant's classification as an armed career criminal; and

    f.    counsel failed to adequately defend Movant during sentencing and negligently forfeited Movant's ability to object to the Government's application of the sentencing guidelines;

2.    counsel was ineffective on appeal based on the following:

    a.    counsel did not argue plain error review of this Court's sentencing calculations and final sentence; and

    b.    counsel failed to argue the invalidity of Movant's guilty plea and the errors in the Pre-Sentence Investigation Report.

[Doc. 68].

II.    <u>Standard of Review</u>

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in

4

excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Bowen v. Johnston, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

5

III.   Analysis

    A.   Movant's Waiver Is Valid And Precludes Claims Related To Sentencing.

The Government contends that the claims raised by Movant in his § 2255 motion should not be entertained by the Court because in his negotiated plea agreement, Petitioner waived the right to collaterally attack his sentence.  The waiver signed by Movant states:

> LIMITED WAIVER OF APPEAL:  To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his conviction and sentence; the right to collaterally attack his sentence in any post-conviction proceeding on any ground including a § 2255 action; and to collaterally attack any of the underlying state court convictions that form the basis of the determination that the defendant is an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e); however, the defendant may file a direct appeal of the court's adverse determination [Doc. Nos. 27 & 43], of his pre-trial motions to suppress evidence and statements [Doc. Nos. 10 & 23].  The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant understands that he has still waived his right to appeal his sentence.

[Doc. 45, Attach. 1 at ¶ 7].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily.  See United States v. Weaver, 275 F.3d 1320, 1333 (11th

Cir. 2001), <u>cert. denied</u>, 536 U.S. 961 (2002); <u>United States v. Bushert</u>, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" <u>Bushert</u>, 997 F.2d at 1350 (quoting <u>United States v. Rutan</u>, 956 F.2d 827, 830 (8th Cir. 1992)). In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." <u>Bushert</u>, 997 F.2d at 1351.

Movant acknowledged at the April 23, 2007, plea hearing that he had reviewed the plea agreement with his attorney, understood that the agreement provided his intention to plead guilty, signed it, and had no questions for the Court. [Doc. 71, Plea Hr'g Trans. at 5-14]. In addition, the district court addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> The Court: I want to talk to you about this appeal waiver. Ordinarily when you're convicted of a crime you can appeal both your conviction and your sentence, but in your agreement with the Government you have waived your right to appeal certain issues, specifically basically the prior convictions. You've waived your right to appeal those and you've waived your right to - -

The Court:  Well.  That's really what he's waived; correct?

The Government:  That, Judge, and also essentially he's waived his right to appeal the sentence of this Court and basically limited himself to appealing the issues of suppression.  So, in other words, he's stuck with what the Court gives him at sentencing, if you will.

The Court:  Okay.  So do you understand that, Mr. Harris?

Movant:  Yes, ma'am.

The Court: All right.  And what I want to be sure you understand as well is that this means that you've waived your right to appeal those things either now or sometime later.  Do you understand that?

Movant:  Yes, ma'am.

The Court:  There's a process by which sometimes people come back later and contest their sentence, but you've waived your right to do that. Do you understand?

Movant:  Yes, ma'am.

The Court: Okay.  That's what we call a habeas or a collateral attack. That's where people come back later after the time for a direct appeal has passed or after a direct appeal has passed.  You've waived your right to do that.  Do you understand?

Movant:  Yes, ma'am.

The Court: And, Mr. Holcomb, I assume you have gone over that appeal waiver with Mr. Harris.

Mr. Holcomb:  I have, your honor.

The Court:  So as best you know he understands that appeal waiver?

Mr. Holcomb:  He does.

[Doc. 71, Plea Hr'g Trans. at 21-22].

It is clear from the record that Movant knowingly and voluntarily waived his rights to appeal and collaterally challenge his sentence.  Movant acknowledged in signing the appeal waiver that he understood and agreed to waive his rights to appeal or otherwise challenge his sentence after conviction. [Doc. 45, Attach. 1 at 5].  In addition, the district court and the prosecutor explained to Movant during the plea colloquy that by entering into the plea agreement he was waiving his right to appeal or collaterally attack his sentence, and that his right to appeal was limited to the issue of suppression.  In words a lay person could understand, the district court explained to Movant that he would not be able to "come back later and contest [his] sentence." Movant stated that he understood.  Movant's attorney said he had gone over the appeal waiver with Movant and believed that he understood the waiver.  [Doc. 71 at 21-22].  For all of these reasons, Movant's appeal waiver should be enforced.

When a movant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims

which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).  Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing," the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.), cert. denied, 546 U.S. 902 (2005).  Here, with the possible exception of the claims addressed below, Movant's ineffective assistance of counsel claims deal with sentencing or other issues, and not the negotiation of the plea or waiver.  See Gomez-Estupinan v. United States, No. 8:04CR84T24TGW, 2005 WL 2850070 (M.D. Fla. Oct. 28, 2005) (holding defendant's claim in motion to vacate raising ineffective assistance of counsel for failure to urge court to apply safety valve was waived by valid sentence appeal waiver).  Thus, Movant's waiver of his rights to challenge his sentence is controlling with respect to his ineffective assistance of counsel claims dealing with sentencing

10

and other issues.  Movant cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

> B.      Any Ineffective Assistance Claims Arguably Not Precluded By The Waiver Are Without Merit.

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984).  The analysis is two-pronged, and the court may "dispose of ineffectiveness claims on either of its two grounds." Atkins v. Singletary, 965 F.2d 952, 959 (11th Cir. 1992); see also Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Movant must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  The Court must be "highly deferential," and must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  "To overcome Strickland's presumption of reasonableness, [Movant] must show that 'no competent counsel would have taken the action that his counsel did take.'" Allen v. Secretary, Florida

11

Dep't of Corr., 611 F.3d 740, 751 (11th Cir. 2010) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

To meet the second prong, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. See Strickland, 466 U.S. at 694. To prevail on prejudice, Movant must demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Premo v. Moore, 131 S. Ct. 733, 743 (2011) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Movant has failed to meet either prong of the Strickland standard with regard to his claim that counsel failed to fully and adequately explain the meaning of a § 2255 motion, and failed to apprise Movant as to the consequences of waiving his "§ 2255 action rights." At the plea hearing, counsel stated that he had gone over the appeal waiver with Movant and he believed that Movant understood it. Movant indicated that he was satisfied with his attorney, that he had sufficient time to think about and discuss the matter fully with his attorney, that he understood the plea agreement, and that he understood the rights he was waiving in the agreement. [Doc. 71 at 14, 22, 24-25].

12

Furthermore, based on the record at the plea hearing, even if Movant's counsel did not explain the nature of the waiver in the plea agreement, Movant cannot show that he did not understand the waiver before he entered his plea.  See Hudik v. United States, No. 2:05-cv-362-FtM-29DNF, 2007 WL 1455933, at *10 (M.D. Fla. May 16, 2007) ("the waiver of sentence appeal provision, even if not fully explained by counsel, was fully explained by the magistrate judge . . . . Petitioner stated he understood the provision to be a waiver of all such claims, and that the waiver was knowing and voluntary.").  "There is a strong presumption that the statements made during the [plea] colloquy are true."  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  "Consequently, a defendant bears a heavy burden to show his statements [under oath] were false."  United States v. Ross, 147 F. App'x 936, 939 (11th Cir. 2005) (internal citation omitted).

As set forth above, the district court judge explained to Movant during the plea colloquy what it meant for him to waive his right to seek collateral review.  Thus, Movant has failed to establish that counsel's actions were unreasonable or that, but for counsel's actions in negotiating the plea agreement, Movant would not have pleaded guilty.

13

Further, Movant has failed to establish that his counsel was ineffective because he failed to explain Movant's sentence exposure. Movant contends that he thought that the mandatory minimum sentence was ten years, not fifteen years. [Doc. 68 at 8-9]. Regardless of what Movant's counsel allegedly told him about the mandatory minimum sentence, the district court judge informed Movant during his guilty plea hearing, and the plea agreement stated, that he faced a mandatory minimum sentence of fifteen years. [Doc. 71 at 20]. Movant was also informed that his attorney's predictions or recommendations regarding his sentence were not binding, and that he would be unable to withdraw his plea if the sentence were "more severe" than what he had been advised by counsel. [Id. at 21, 23-24]. See Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (rejecting ineffective assistance of counsel claim where statements made during plea colloquy indicated petitioner was advised of maximum sentence and that counsel's predictions as to sentence were not binding). Movant has not alleged that he would not have pleaded guilty and would have insisted on going to trial had he known that he faced a possible fifteen-year sentence. Thus, Movant's ineffective assistance of counsel claims are without merit.

Lastly, with regard to Movant's claims of ineffective assistance of counsel on appeal, Movant contends that counsel was ineffective for not arguing plain error

14

review of the district court's sentencing calculations and final sentence, and for not arguing the invalidity of Movant's guilty plea and the errors in the Pre-Sentence Investigation Report. However, counsel was not ineffective for failing to raise those claims because Movant had waived his right to raise the claims in his negotiated plea agreement. Counsel raised the only claim that Movant had reserved the right to appeal in his plea agreement: whether this Court erred in denying his motions to suppress evidence and statements. Thus, counsel was not ineffective for failing to raise the other claims on appeal.

IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See

AO 72A
(Rev.8/82)

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to collaterally attack his sentence, and the claims on ineffective assistance of counsel not precluded by the waiver are without merit. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

V.   Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Ulysses Antwan Harris's motion to vacate sentence [Doc. 68] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**IT IS SO ORDERED AND RECOMMENDED**, this 19th day of August, 2011.

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)